UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| COREY MATTHEW CAMPANA, | ) | 3:15-cv-00418-MMD-WGC |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | **Re: ECF No. 5** |
| RENEE BAKER, et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Before the court is Plaintiff's Motion to Exclude Case from Mediation. (ECF No. 5.)[1]

The history of this case reflects the court screened Plaintiff's complaint and found Plaintiff alleged certain colorable civil rights causes of action; Counts I-III were allowed to proceed. (ECF No. 3 at 4-8.) The court ordered a ninety-day stay on further filings and directed the parties to participate in a settlement conference. The court indicated it would refer the case to the court's Inmate Early Mediation Program. In the meantime, Plaintiff's obligation to pay the $350.00 filing fee, either in full or in installments if Plaintiff was granted *in forma pauperis* status, was stayed.

The court's screening order, however, allowed a party to seek to remove the case from the inmate mediation program. (*Id*. at 9.) Plaintiff filed a timely request to exclude the case from the Inmate Mediation Program. Plaintiff's rationale was that "based on the modus operandi of both NDOC and the AG's office to offer insulting low offers in the range of $50.00 - $75.00 . . . the Plaintiff would rather not participate." (ECF no. 5.)

Plaintiff provides no substantiation of the purported policy of the Nevada Department of

---
[1] Refers to court's Electronic Case Filing number.

Corrections (NDOC) and/or the Office of the Nevada Attorney General. On the other hand, the court is aware that in at least one of the four other civil rights cases Plaintiff filed in 2015, Plaintiff achieved a settlement with certain non-NDOC Defendants and shortly thereafter effected settlement with the NDOC Defendant as well. *Campana v. State of Nevada, et al.,* 3:15-CV-100-MMD-VPC, ECF No. 46. Admittedly, the settlement did not occur at the Inmate Mediation which took place on June 23, 2015 (ECF No. 41), but a settlement was reached just days thereafter on July 8, 2015 (ECF No. 26).

In the court's extensive experience with the mediation and settlement conference process, parties would frequently express pessimism that their case had any chance of settlement. Yet, on numerous occasions, the parties were indeed able to come to an accord and successfully resolved their dispute. Certainly not all of the "unsettle-able" cases settled, but many do. One fact that is fairly undisputable is that if the parties do *not* at least undertake a settlement dialogue, the case will most definitely *not* settle.

Even if a case does not settle, there is nevertheless a benefit to the parties by exploring and addressing the strengths and weaknesses of their claims and defenses. From the perspective of the governmental defendants, the discussions may shed light on potentially errant policies, decisions, procedures or activities and possibly allow corrective action to be undertaken. And from the standpoint of an inmate Plaintiff, he may be educated about the technical nuances of § 1983 litigation which may cause him to re-evaluate the propriety of his claims. In either event, it cannot be overlooked that an early settlement of an inmate's case allows him to avoid immediately incurring the expense of the $350.00 filing fee which would otherwise have to be paid to the court if the case were to proceed in the absence of mediation.

Therefore, to further the interests of justice, this matter will proceed to the Inmate Early Mediation Program in accordance with the court's screening order (ECF No. 3).

Therefore, Plaintiff's motion to exclude case from mediation (ECF No. 5) is **DENIED.**

**IT IS SO ORDERED.**

DATED: February 9, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE